# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TERRY BATTS,<br><br>                            Plaintiff,<br><br>v.<br><br>SILVER LINE BUILDING<br>PRODUCTS CORPORATION and<br>SILVER LINE BUILDING<br>PRODUCTS, LLC,<br><br>                          Defendants. | 1:08-cv-3355-WSD |

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge E. Clayton Scofield [28] on Defendants Silver Line Building Corporation and Silver Line Building Products, LLC's ("Defendants") Motion for Summary Judgment [16].

**I.    BACKGROUND**

Plaintiff Terry Batts, an African-American maintenance technician, brings this employment discrimination action against his former employers, asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). The Magistrate Judge set forth in the R&R a detailed recitation of the facts, to which

the parties did not object and which the Court, finding no error, adopts. On February 22, 2010, the Magistrate Judge recommended granting summary judgment in favor of Defendants on all claims.

## II. DISCUSSION

A. <u>Standard of Review on Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" <u>Jeffrey S. by Ernest S. v. State Board of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

Plaintiff did not object to the R&R, and the Court accordingly reviews it for plain error.

B.  Analysis

The Magistrate Judge, applying the analytical framework of <u>McDonnell-Douglas Corporation v. Green</u>, 411 U.S. 792 (1973), found that Plaintiff had made a <u>prima</u> <u>facie</u> case of pay discrimination under Title VII.  Defendants provided a non-discriminatory justification, contending Plaintiff was hired at a lower wage than individuals hired in later years because of market forces.  Defendants also noted that Plaintiff was hired at the same wage-rate as five other white maintenance technicians.  The Magistrate Judge observed that Plaintiff did not point to a single hiring period in which Defendants hired a non-white maintenance technician at a rate lower than a white maintenance technician.  Further, with the exception of one year in which Plaintiff received a series of negative evaluations, Plaintiff received a higher pay raise, both in terms of percentages and amounts, than the majority of eligible white employees.  Plaintiff did not offer any evidence or argument to meet his burden under <u>McDonnell-Douglas</u> of establishing that Defendants' proffered non-discriminatory justifications are pretextual.  Summary judgment for Defendants is therefore appropriate on Plaintiff's claim that he was paid less than similarly-situated white technicians.

The Magistrate Judge further concluded that Plaintiff failed either to make a prima facie case for each of his claims of retaliation or that he failed to offer any evidence raising an issue of fact as to pretext. The Court finds no error with the Magistrate Judge's findings of fact or conclusions of law, and independently concludes that summary judgment is appropriate on Plaintiff's retaliation claims.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Final Report and Recommendation of Magistrate Judge E. Clayton Scofield [28] is **ADOPTED** and Defendants Silver Line Building Corporation and Silver Line Building Products, LLC's Motion for Summary Judgment [16] is **GRANTED**.

**SO ORDERED** this 12th day of March, 2010.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE